19914

Jerene G. Williams GAHAGAN, Appellant, v. Curtis C. WILLIAMS, Respondent.

(210 S. E. (2d) 230)

*John R. Etheridge, Jr., Esq.,* of *Baker & Etheridge,* of Hartsville, *for Appellant,*

*James C. Cox, Jr., Esq.,* of *Saleeby, Saleeby & Cox, for Respondent,*

November 27, 1974.

LITTLEJOHN, Justice:

In 1968 the Civil and Criminal Court of Darlington County granted custody of the daughter of the mother-plaintiff and the father-defendant to the plaintiff. That court in July, 1973, after a hearing, changed the custody from the plaintiff to the defendant. The plaintiff has appealed.

The plaintiff and the defendant were married in 1966. In 1968, after a brief and obviously uncontested proceeding, the plaintiff was granted a divorce on the ground of physical cruelty. In the divorce decree the plaintiff was granted permanent custody of the child, now seven years old. No evidence or finding relative to the best interest of the child was included in the record.

In 1973, at the instigation of the plaintiff's own mother, grandmother and aunt, the defendant brought a petition to change custody from the plaintiff to him on the ground that "the mother has become an unfit person to have custody of this child." The court issued a temporary order granting the change. Thereafter, on July 20, 1973, a full hearing was held, at which hearing the mother, grandmother, and the aunt of the plaintiff testified against the plaintiff and in favor of the change of custody to the defendant.

After the hearing the trial judge granted the petition and changed permanent custody from the plaintiff to the defendant in a short order dated July 26, 1973.

On October 12, 1973, the plaintiff petitioned the court to change the custody from the defendant back to the plaintiff on the ground that there had been a substantial change of circumstances since July. Another hearing was held in which the mother, grandmother, and aunt reversed their testimony and testified in favor of permanent custody for the plaintiff.

Thereafter, on November 14, the trial judge dismissed the petition of the plaintiff and continued permanent custody with the defendant.

On January 7, 1974, the plaintiff again petitioned the court to reverse its order of July 26, 1973, and grant custody of the child to her on the ground that there had been a substantial change of circumstances. The petition was denied.

Neither the order of 1968 granting custody to the plaintiff, nor the three permanent orders granting, and/or confirming, custody of the child to the defendant spelled out the findings of the court relative to just what the conditions were at either the home of the plaintiff or the home of the defendant.

The lower court has completely disregarded § 10-1510, Code of Laws of South Carolina (1962), which reads in pertinent part as follows:

"Upon the trial of a question of fact by the court its decision shall be given in writing and shall contain a statement of the facts found and the conclusions of law, separately."

Both the plaintiff and the defendant rely largely upon the conflicting testimony of the same three witnesses. In the absence of a statement of the facts found and the conclusions reached by the lower court, we feel compelled *ex mero motu* to remand the case for compliance with the terms of the quoted code section. The requirements of this section are consistent with procedures in the family courts where cases of this type are often tried. See rule 13 of the Rules of Practice and Procedure in the Family Court, Volume 15 of the Code (1973 Cum. Supp.).

Inasmuch as considerable time has elapsed since the custody of the child involved was determined, both parties should be permitted to supplement their showing so as to reveal the conditions under which both the plaintiff and the defendant are living today before the best interest of the child is finalized.

The case is remanded for the purpose of taking additional evidence, if the parties be so advised, and for the purpose of complying with § 10-1510 referred to hereinabove.

Remanded.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.